```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

SOUTHERN ELECTRICAL         )
RETIREMENT FUND and         )
SOUTHERN ELECTRICAL HEALTH  )
FUND,                       )
                            )
         Plaintiffs,        )
                            )
     v.                     )    Case No. 3:04-0022
                            )    Judge Echols
NORA GIBSON d/b/a GIBSON    )
ELECTRIC and GIBSON         )
CONTRACTING & ELECTRICAL    )
COMPANY, INC., JIMMY        )
HORNE, RICKEY LIDDLE, and   )
RICHARD BRICKEY,            )
                            )
         Defendants.        )

## MEMORANDUM

Pending before the Court is the Renewed Motion for Summary Judgment (Docket Entry No. 65)[1] filed by Plaintiffs Southern Electrical Retirement Fund and Southern Electrical Health Fund, to which Defendants have not responded in opposition even though, by Order dated November 14, 2005 (Docket Entry No. 68), Defendants were given until December 1, 2005, within which to do so. Pursuant to Local Rule 8(b)(3), failure to file a timely response to a motion shall indicate that there is no opposition to the motion.

### I. FACTS

---

[1] Plaintiffs originally filed a Motion for Summary Judgment on November 8, 2004 (Docket Entry No. 19), but that motion was withdrawn with leave of the Court on January 31, 2005 (Docket Entry No. 30).

1

Plaintiffs Southern Electrical Retirement Fund ("Retirement Fund") and Southern Electrical Health Fund ("Health Fund")(collectively "Southern Electrical"), are multi-employer benefit funds in which Defendants Gibson Electric and Gibson Contracting and Electrical Company, Inc. ("Gibson Electric")[2] participated for several years in order to obtain pension, health, and welfare benefits for its employees. (Pf. SOF ¶¶ 1 & 2, Mitchell Aff. ¶ 1). To obtain those benefits, Gibson Electric made contributions to the funds as required by the Inside Wiring Agreement ("IWA") it had with the International Brotherhood of Electrical Workers ("IBEW"). (Mitchell Aff. ¶ 1).

Gibson Electric participated in the benefit plans until May 31, 2004. Its last IWA with IBEW was in effect from June 1, 2003 until May 31, 2004. (Mitchell Aff. 1(e)). Pursuant to Article VIII and IX of the IWA, Gibson Electric was required to make specified monthly payments to the Health Fund and Retirement Fund. (IWA Art. VIII & Art. IX). Those Articles also specifically provided that the employer agreed to be bound by the Declaration of Trust of Southern Electric and any amendments to that Declaration. (Id.).

In accordance with the Trust Agreement, the trustees of the Health Fund and Retirement Fund adopted a contribution, delinquency, and audit policy ("policy") which governs the manner

---

[2]Originally, the company was simply titled "Gibson Electric" but it subsequently evolved into a corporation named Gibson Contracting and Electrical Company, Inc. and participated in the plan from then on in that name. (Mitchell Aff. ¶ 1(c)).

2

in which employers such as Gibson Electric are to make their contributions. Under the policy, employers are required to submit a report of activity and contributions by the fifteenth of each month. (Policy Art. II). The policy provides that interest will be charged on any deficient contributions, (id. Art. III), and, under an Amended Declaration of Trust, the fund could seek liquidated damages on unpaid contributions as permitted by applicable law. (Mitchell Aff. Attachment at 111). The policy also establishes an audit procedure whereby a designated auditor is entitled to examine the books and records of a participating employer to determine if there is any delinquency in contribution. (Policy Art. III).

Southern Electrical decided to undertake a review of Gibson Electric's books and records for the period from January 1, 2003 until May 31, 2004 to determine whether Gibson Electric properly made contributions to the retirement and health funds. (Pf. SOF ¶ 4). An audit was conducted by a certified public accountant which revealed underpayment in the amount of $12,375.50 owed to the Retirement Fund and underpayment of $52,846.85 owed to the Health Fund. (Pf. SOF ¶ 4). Although provided an opportunity, Gibson Electric never challenged those figures. (Id.).

By way of the Renewed Motion for Summary Judgment, Plaintiffs seek to hold Gibson Electric liable for the amount of the unpaid contributions. Plaintiff also seeks $929.02 in interest on the amount owed to the Retirement Fund and $4,696.98 on the amount owed

3

to the Health Fund.[3]  Plaintiffs also seek liquidated damages. (Id. ¶¶ 5-6).

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving

---

[3] Interest was calculated as of the date of filing of the initial Motion for Summary Judgment. The Renewed Motion for Summary Judgment does not seek to increase the amount of interest owed on the unpaid contributions.

4

party's case.  Celotex, 477 U.S. at 325.  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. LEGAL ANALYSIS

Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. "Congress enacted section 515 in order to permit multiemployer plans to 'rely upon the terms of collective bargaining agreements and plans as written, thus 'permit[ting] trustees of plans to recover delinquent contributions efficaciously, and without regard to issues which might arise under labor-management relations law [.]'" Bakery and Confectionary Union v. New Baker Co., 133 F.3d 955, 959 (6th Cir. 1998).  Because ERISA mandates that a contributing employer make contributions in accordance with the terms of the plan to which it is bound, trustees of the plan may seek judicial enforcement of the plan terms as third party beneficiaries.  Trustees of the Painters Union

5

Deposit Fund v. Ybarra Construction Co., 113 Fed.Appx. 664, 667 (6th Cir. 2004).

In this case, the only evidence before the Court is that for the period January 1, 2003 through May 31, 2004, Gibson Electric was required to make contributions to both the Health Fund and the Retirement Fund. The undisputed evidence also shows that it failed to make payments as required in that it underpaid the Health Fund by $52,846.45 and the Retirement Fund by $12,375.50. Southern Electrical is therefore entitled to those amounts from Gibson Electric.

In addition to those amounts, Southern Electrical seeks interest plus liquidated damages in the amount of 20 percent. Under 29 U.S.C. § 1132(g)(2), where judgment is awarded pursuant to a benefit plan, the Court

> shall award the plan–
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)[.]

29 U.S.C. § 1132(g)(2). "The language of section 1132(g)(2) is mandatory." Bricklayers Pension Trust Fund v. Rosati, Inc., 1999 WL 503501 (6th Cir. 1999). Since the IWA required compliance with the Declaration of Trust as amended and since the latter provides for liquidated damages as allowable by law, the Retirement Fund is

6

entitled to liquidated damages in the amount of $2,475.10 (20% X $12,375.50) and the Health Fund is entitled to liquidated damages in the amount of $10,569.29 (20% X $52,846.45). Additionally, Southern Electrical is entitled to the interest it seeks since those calculations have not been challenged.

## IV. CONCLUSION

On the basis of the foregoing, the Renewed Motion for Summary Judgment filed by Plaintiffs Southern Electrical Retirement Fund and Southern Electric Health Fund (Docket Entry No. 65) will be granted. Judgment will be entered in favor of Plaintiff Southern Electrical Retirement Fund and against Defendants Gibson Electric and Gibson Contracting & Electrical Company, Inc. in the amount of $15,779.62, which represents $12,375.50 in unpaid contributions, $929.02 in interest, and $2,475.10 in liquidated damages. Judgment will also be entered in favor of the Plaintiff Southern Electrical Health Fund and against Defendants Gibson Electric and Gibson Contracting & Electrical Company, Inc. in the amount of $68,113.72 which represents $52,846.45 in unpaid contributions, interest in the amount of $4,697.98 and $10,569.29 in liquidated damages.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE