UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SOUTHERN ELECTRICAL RETIREMENT )
FUND and SOUTHERN ELECTRICAL )
HEALTH FUND, )
 )
        Plaintiffs, )
 )
v. ) No. 3:04-0022
 ) JUDGE ECHOLS
NORA GIBSON d/b/a GIBSON )
ELECTRIC, GIBSON CONTRACTING & )
ELECTRICAL COMPANY, INC., )
JIMMY HORNE, RICKEY LIDDLE, and )
RICHARD BRICKEY, )
 )
        Defendants. )

## MEMORANDUM

Presently pending before the Court are the claims of Plaintiff Southern Electrical Retirement Fund against Defendants Jimmy Horne, Rickey Liddle and Richard Brickey under the Employee Retirement Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and Plaintiff's request that the individual Defendants be held in civil contempt for failure to comply with the Court's permanent injunction entered by Order dated September 19, 2000 (Docket Entry No. 6), in Civil Action No. 3:00-0328.

## I. PROCEDURAL HISTORY

In the Memorandum and Order entered on March 6, 2006 (Docket Entry Nos. 74 & 75), the Court granted summary judgment in favor of Southern Electrical Retirement Fund against Defendant Gibson Electric and Gibson Contracting and Electrical Company, Inc. ("Gibson Electric"), awarding Plaintiff $15,779.62, which

3

represented $12,375.00 in unpaid contributions, $929.02 in interest, and $2,475.10 in liquidated damages.

Plaintiff Southern Electrical Retirement Fund alleged in the Amended Complaint (Docket Entry No. 40) that Defendants Horne, Liddle and Brickey are ERISA fiduciaries who should be held personally liable under 29 U.S.C. §§ 1003, 1004, and 1009 because they did not set aside and transfer contributions to Plaintiff as required by Department of Labor regulations. Moreover, Defendants used business funds and assets to pay other creditors while failing to satisfy the obligation owed to Plaintiff. Plaintiff further alleged that the individual Defendants are parties in interest as that term is defined in 29 U.S.C. § 1002(14)(c), and each Defendant benefitted from Gibson Electric's failure to pay contributions to Plaintiff in violation of 29 U.S.C. § 1106, thus rendering them personally responsible to Plaintiff.

The individual Defendants failed to answer or otherwise respond to the Amended Complaint. The Clerk entered default against them on December 7, 2005, pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry No. 69). At no time did the Defendants seek to set aside the entry of default against them.

Plaintiff further alleges that the individual Defendants acted as agents of Gibson Electric and thus were bound to comply with the Court's prior permanent injunction pursuant to Federal Rule of Civil Procedure 65. Plaintiff moves for an Order holding the three individual Defendants in contempt for failure to comply with the Court's permanent injunction entered against Gibson Electric in the

4

prior action.  Defendants did not file a written response to the motion for an order to show cause.

At some point, each individual Defendant filed a Chapter 7 proceeding in the United States Bankruptcy Court for the Eastern District of Tennessee, but the Defendants did not notify this Court of their bankruptcy filings.  On motion the Bankruptcy Court granted Plaintiff relief from the automatic stay to allow Plaintiff to pursue this action and to file a complaint for non-dischargeability in the bankruptcy proceeding.  (Docket Entry Nos. 71 & 72.)

On March 6, 2006, the Court held a show-cause hearing, at which Plaintiff appeared through counsel and the individual Defendants appeared *pro se*.

## II.  <u>FACTS</u>

Pursuant to an Inside Wiring Agreement ("IAW") between Gibson Electric and the International Brotherhood of Electrical Workers and the Court's prior permanent injunction, Gibson Electric was required to make monthly payments to Plaintiff Southern Electrical Retirement Fund on behalf of its employees for retirement benefits. Gibson Electric did not make the required payments from January 1, 2003 to May 31, 2004, the date the IWA terminated after Gibson Electric gave the union notice that it would not renew the agreement.  For failure to make these timely payments, the Court granted summary judgment in favor of Plaintiff against Gibson Electric in the total amount of $15,779.62.

5

At all times between January 1, 2003 and May 31, 2004, Gibson Electric was a corporation employing approximately twelve electricians and helpers who worked on construction projects in the area of Kingsport, Tennessee. The employees worked for Gibson Electric at least through May 2004.

The corporation was owned by Defendants Horne, Liddle and Brickey. Each of them served on the Board of Directors and acted as an officer of the corporation. Horne served as President and then consultant after he retired, Liddle served as Vice President, and Brickey served as Treasurer. The three officers consulted one another and reached consensus on all matters concerning operation of the corporation, including entering into contracts and paying creditors.

Horne, Liddle and Brickey were each aware of the Court's permanent injunction requiring Gibson Electric to make payments to the Plaintiff Retirement Fund. In 2003, they stopped making payments to the Retirement Fund and decided to prioritize Gibson Electric's debts, even though their employees continued to work and receive paychecks through at least May 2004. In 2003 and 2004 Horne, Brickey and Liddle decided which bills to pay and which bills not to pay. The Retirement Fund was not paid.

In 2003 and 2004, Gibson Electric operated from a commercial building located in Kingsport that is jointly owned by Horne, Brickey and Liddle. At the time of the hearing, the building was listed for sale for $200,000. Gibson Electric had a line of credit with a local bank for which the individual Defendants pledged the

6

commercial building as security. They also personally guaranteed the loan. In 2003 and 2004, the Defendants mutually agreed that Gibson Electric would continue to make payments to the bank to reduce the amount owed on the line of credit, and that Gibson Electric would pay property taxes owed on the building.

In the same time period, Horne, Brickey and Liddle caused Gibson Electric to pay creditors for ongoing expenses of the corporation such as supplies, and they authorized payment of their personal expenses and salaries. This included the cost of an insurance policy issued on the life of Horne and payment of salaries to Liddle and Brickey in the approximate amount of $30,000 annually each.

Horne, Liddle and Brickey testified that they prioritized Gibson Electric's debts because they did not have sufficient income to pay all debts due, but they did not offer any explanation as to why they ignored this Court's permanent injunction or why they ignored these proceedings and allowed default to be entered against them. Mr. Horne did state his belief that they had not done anything dishonest.

Although they were aware of Gibson Electric's obligation to make payments to the Retirement Fund under the IWA and although they were aware of the permanent injunction requiring payments by Gibson Electric to the Retirement Fund, Horne, Liddle and Brickey diverted funds of Gibson Electric which should and could have been paid to the Retirement Fund. These funds were used to pay other creditors and to pay themselves salaries and/or benefits.

### III. ANALYSIS

**A. Default judgment against the individual Defendants**

Plaintiff is entitled to default judgment against the individual Defendants. They failed to answer the Amended Complaint, default was entered against them, and the facts and law are not in dispute.

"Under ERISA, a person is a fiduciary with respect to a plan to the extent that 'he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets[.]'" Best v. Cyrus, 310 F.3d 932, 934-35 (6th Cir. 2002) (quoting 29 U.S.C. § 1002(21)(A)). The definition of a fiduciary under ERISA is a functional one. Smith v. Provident Bank, 170 F.3d 609, 613 (6th Cir. 1999). In Southern Electrical Health Fund v. Kelley, 308 F. Supp. 2d 847, 867-69 (M.D. Tenn. 2003) this Court extensively surveyed the requirements for finding corporate officers such as Horne, Liddle and Brickey to be ERISA fiduciaries with personal liability for the payment of contributions, and the Court will not recite all of that law here. Suffice it to say that Horne, Liddle and Brickey are ERISA fiduciaries because they knowingly made decisions to use contributions for the purpose of covering company expenses, and Gibson Electric's required contributions to the Retirement Fund constituted plan assets when they became due. See id. at 867 n.10; Operating Engineers Local 324 Fringe Benefit Funds v. Nicolas

8

Equip., LLC, 353 F. Supp. 2d 851, 854-855 (E.D. Mich. 2004); 29 C.F.R. § 2510.3-102.

Horne, Liddle and Brickey did not set aside or segregate contributions owed to the Retirement Fund. They jointly agreed to cease paying contributions to the Retirement Fund, and they jointly agreed to use assets of the Fund to pay other obligations of Gibson Electric. Thus, they breached their fiduciary duties and are liable to the Retirement Fund for any losses they caused as a result.[1]

The Retirement Fund prevails on its claim against Horne, Liddle and Brickey. Judgment will be entered against them, jointly and severally, in favor of the Retirement Fund in the amount of $15,779.62 which is the amount due under 29 U.S.C. § 1132(g)(2) exclusive of attorney's fees. (See Docket Entry No. 40, Memorandum at 6.)

The Retirement Fund may also recover from Horne, Liddle and Brickey reasonable attorney's fees and expenses. An award of attorney's fees is mandatory and will be included in the judgment under 29 U.S.C. § 1132(g)(2), which indicates that in an action to enforce 29 U.S.C. § 1145 the Court "shall award" certain sums, including a reasonable attorney's fee and costs of the action.

**B. Civil Contempt**

A decision on a motion for contempt lies within the sound discretion of the Court. See Electrical Workers Pension Trust Fund

---

[1]The Court need not reach Plaintiff's claim under 29 U.S.C. §§ 1002 & 1106.

of Local Union #58 v. Gary's Elec. Serv., 340 F.3d 373, 378 (6th Cir. 2003). While the contempt power should not be used lightly, the power "'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed'" by law. Id. (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911)). Contempt proceedings are used to "enforce the message that court orders and judgments are to be complied with in a prompt manner." Id. In civil contempt proceedings, judicial sanctions may be imposed for either or both of two purposes: to coerce the defendant into compliance with the Court's order and to compensate the movant for the losses sustained. Id. at 379 (citing United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)).

To hold a litigant in contempt, the movant must produce clear and convincing evidence to show a violation of a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order. Id. (citing NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." Id. (emphasis in original). To meet the burden of production in this Circuit, the individual Defendants must show "'categorically and in detail'" why they are

10

unable to comply with the Court's order.  Id. (quoting Rolex Watch U.S.A., Inc., 74 F.3d at 720)).  The Court must consider whether they took all reasonable steps within their power to comply with the Court's Order.  Id.  Additionally, they must show that they are not responsible for their present inability to pay.  Id. at 383.

The permanent injunction issued by the Court on September 19, 2000 directed Gibson Electric to contribute the amounts owed.  The individual defendants owned Gibson Electric and acted as agents of the corporation.  At the show-cause hearing, Plaintiff met its burden to show by clear and convincing evidence that Defendants violated the explicit provisions of the permanent injunction.

It is undisputed that Gibson Electric, of which the Defendants were officers, did not pay the Retirement Fund the amounts owed for the period January 1, 2003 to May 31, 2004.  Defendants testified that Gibson Electric did not have sufficient income to pay contributions, that they were forced by financial circumstances to prioritize bill payments, Gibson Electric is now defunct, and there is no present ability to pay the contributions from ongoing income.  Even good faith is not a defense to failure to comply with a court order.  Peppers v. Barry, 873 F.2d 967, 968-69 (6th Cir. 1989).

Defendants did not carry their burden of production to show a present inability to comply with the Court's Order from other sources of income available to them.  Defendants' commercial building is listed for sale at $200,000.  Defendants also have

11

personal assets, including retirement funds and real property. They have not produced evidence "categorically and in detail" from which the Court can determine that they are presently unable to pay the amounts they owe on behalf of Gibson Electric to the Plaintiff. Moreover, Defendants did not produce any evidence to explain the demise of Gibson Electric and to show that they are not responsible for the present inability to pay the amounts due.

Thus, the Court is not convinced that the Defendants took all reasonable steps to comply with the Court's permanent injunction. Rather, Defendants' conduct throughout this litigation indicates they did not intend to be bound by the Court's permanent injunction. Accordingly, the Court finds Defendants Jimmy Horne, Rickey Liddle and Richard Brickey in civil contempt of Court for violating the permanent injunction by failing to make required payments when due.

The Court may impose as a sanction for civil contempt a compensatory compliance fine in an amount equivalent to the underlying delinquent payments payable to the Plaintiffs. United Mine Workers v. Bagwell, 512 U.S. 821, 828 (1994) (holding contempt sanction is considered civil and remedial if it compensates the complainant for losses); United Mine Workers of Am., 330 U.S. at 303-304 (same); Gary's Elec. Serv., 340 F.3d at 383 n.13, 385 (holding civil contempt sanction may compensate complainant for delinquent contributions as well as money squandered and diverted

12

by corporate president).  Consequently, the Court imposes a compensatory compliance fine for civil contempt, payable to Southern Electrical Retirement Fund in the amount of $15,779.62, to be paid by the individual Defendants, jointly and severally.  The compensatory compliance fine imposed on the Defendants is concurrent with and is <u>not</u> in addition to the Judgment entered in favor of Plaintiff for $15,779.62 on its claims.

### IV. CONCLUSION

For the reasons explained above, Plaintiff Southern Electrical Retirement Fund is entitled to entry of Judgment in its favor in the amount of $15,779.62 jointly and severally against individual Defendants Jimmy Horne, Rickey Liddle and Richard Brickey, who have breached their fiduciary duties.  Plaintiff is entitled to an award of attorney's fees and expenses, and a motion for such an award may be made in compliance with Local Rule 54.01(b).

Further, the individual Defendants Horne, Liddle and Brickey will be held in civil contempt of the Court for failure to comply with the Court's permanent injunction entered by Order of September 19, 2000 (Docket Entry No. 6), in Civil Action No. 3:00-0328.  As a consequence of Defendants' civil contempt, the Court will impose a compensatory compliance fine on the individual Defendants, jointly and severally, payable to Plaintiff Southern Electrical Health Fund in the amount of $15,779.62.  The compensatory compliance fine imposed is concurrent with and is <u>not</u> in addition

to the Judgment entered in favor of Plaintiff for $15,779.62 on its
claims.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE