UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
SOUTHERN ELECTRICAL RETIREMENT   )
FUND and SOUTHERN ELECTRICAL     )
HEALTH FUND,                     )
                                 )
        Plaintiffs,              )
                                 )
v.                               ) No. 3:04-0022
                                 ) JUDGE ECHOLS
NORA GIBSON d/b/a GIBSON         )
ELECTRIC, GIBSON CONTRACTING &   )
ELECTRICAL COMPANY, INC.,        )
JIMMY HORNE, RICKEY LIDDLE, and  )
RICHARD BRICKEY,                 )
                                 )
        Defendants.              )
```

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Attorney's Fees (Docket Entry No. 83) in the amount of $5,592.50, to which Defendants have not responded. Pursuant to Local Rule 8(b)(3), failure to file a timely response to a motion indicates that there is no opposition to the motion.

### I. PROCEDURAL HISTORY

This case involves Plaintiffs' claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). On March 6, 2006, this Court granted summary judgment in favor of Plaintiffs and against the corporate Defendants, awarding Plaintiffs unpaid contributions, interest, and liquidated damages (Docket Entry Nos. 74 & 75). Subsequently, the individual Defendants were found to have breached their fiduciary duty and to be in civil contempt of Court for failing to make required payments when due. (Docket Entry Nos. 80 & 81). The present request for attorney's fees

1

relates to work performed by Plaintiffs' counsel in relation to the adjudication of breach of fiduciary duty and contempt.

## II. ANALYSIS

In any civil action brought by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145 in which a judgment in favor of the plan is awarded, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2). Further, under 29 U.S.C. § 1132(g)(1), in any civil action other than a fiduciary action described in § 1132(g)(2), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. While § 1132(g)(1) is permissive and not mandatory, "[a]s a general rule, . . . a reasonable attorney's fee should be awarded to parties who prevail in ERISA actions." Central States Southeast and Southwest Areas Pension Fund v. Hitchings Trucking, Inc., 492 F. Supp. 906, 909 (E.D. Mich. 1980).

Plaintiffs' claims in this action are based on violations of 29 U.S.C. § 1145, which governs delinquent pension plan contributions. Accordingly, an award of attorney's fees is mandatory.

Upon determining that a party is entitled to attorney fees, the Court must next address the reasonableness of the requested fees. In determining whether to make such an award, the Court must first find that the fee applicant has sufficiently documented his time and hourly rate. See Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1176 (6th Cir. 1990); United Slate, Tile & Composition

2

Roofers, Damp and Waterproof Workers Ass'n v. G&M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984). The documentation must be detailed enough for the Court to determine with a high degree of certainty that the time claimed was actually and reasonably spent in pursuit of the relief sought. United Slate, 732 F.2d at 502 n.2. Hours are "reasonably expended where a reasonable attorney would have believed the work to be reasonably performed in pursuit of success at the time the work was performed." Wooldridge, 898 F.2d at 1177.

If the Court concludes that the billing records adequately document the representation provided, the Court then performs a "lodestar" calculation to determine a reasonable attorney's fee. See Coulter v. Tennessee, 805 F.2d 146, 148 (6th Cir. 1986). The "lodestar" amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. Id. at 148 n.1. The court may then adjust the fee upward or downward, in light of the results obtained.[1] Hensley v. Eckerhart,

---

[1] Factors used to evaluate the "result obtained" may include the time and labor required; the novelty and difficulty of the questions; the skill required to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee of the attorney or of attorneys of comparable skill and experience in the relevant geographical region; whether the fee is fixed or contingent, time constraints imposed by the client or circumstances; the amount of money involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases. See Hensley, 461 U.S. at 434 n.9. Many of these factors, however, "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. Accord Murphy v. Int'l Union of Operating Eng'rs, 774 F.2d 114, 128 (6th Cir. 1985).

3

461 U.S. 424, 434 (1983). The fee applicant bears the burden of showing what number of hours and rate or rates of pay are "reasonable" in light of the facts and circumstances of each case. See <u>Americans United for Separation of Church and State v. School Dist. of Grand Rapids</u>, 717 F. Supp. 488, 491 (W.D. Mich. 1989).

Plaintiffs' counsel has provided the proper documentation indicating the specific work performed, the time expended, and the date on which the work was completed. Plaintiffs' counsel request $5,570.00 for work done by him which represents compensation for 27.85 hours at $200 per hour, along with $22.50 for work performed by a paralegal which represents .03 hours at $75 per hour.

The Court finds that the number of hours requested is reasonable. Mr. Jennings ordinarily bills at $200 per hour, which the Court finds to be a reasonable rate. Thus, the Court finds that Plaintiff's counsel is entitled to compensation as requested. The hourly rate for paralegal time is also reasonable and is approved.

Defendants have not objected to the number of hours billed or the rates requested. Accordingly, the Court is satisfied that the attorney's fee awards requested are reasonable and adequately compensate Plaintiffs under 29 U.S.C. § 1132(g).

---

Although the Court may consider all of these factors, the Sixth Circuit has expressly rejected a "checklist approach to fee determinations." <u>Id.</u>; <u>Northcross v. Board of Educ.</u>, 611 F.2d 624, 642-643 (6th Cir. 1979).

### III. CONCLUSION

For the reasons stated, Plaintiffs' Motion for Attorney Fees is hereby GRANTED. The Court will award Mr. Jennings and his firm the total amount of $5,592.50 (27.85 attorney hours at $200 per hour ($5,520.00 plus .3 paralegal hour at $75 per hour ($22.50)).

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE